Ewing *v.* Sugg.

ROBERT EWING, Receiver, *v.* H. H. SUGG, Admr.

TENDER. *Bills. First and second accommodation endorsers.* A second ac-. commodation endorser of a bill of exchange against whom and the first accommodation endorser a joint judgment has been recovered, will be released from liability by a valid tender by the first endorser to the judgment creditor of the full amount of 'the judgment in a currency which the creditor was bound by law to receive, but refused.'

FROM LINCOLN.

Appeal in error from the Circuit Court of Lincoln county.    J. J. WILLIAMS, J.

J. A. WARDER for Ewing.

J. W. NEWMAN for Sugg.

COOPER, J., delivered the opinion of the court.

On November 16, 1871, Samuel Watson, as trustee of the Bank of Tennessee, recovered a judgment in the circuit court of Lincoln county, against D. M. Perkins and Cornelius Allen for $14,509.58.    Perkins appealed in error from the judgment, but Allen took no appeal. Afterwards Allen died, and the judgment was on March 5, 1873, revived against R. S. Woodward as his personal representative.    On March 12, 1878, the death of Watson was suggested and admitted, and the judgment, on motion, revived in the name of Robert Ewing, as receiver of the assets of the Bank of Tennessee.    At the same time the death of R. S. Wood-

ward was suggested and admitted, and a *scire facias* was ordered to issue for H. H. Sugg, administrator *de bonis non* of the estate of Cornelius Allen, deceased, requiring him to show cause why the judgment should not be revived against him. A *scire facias* was issued accordingly, to which the defendant filed a special plea, and pleas of payment, *nil debit*, and fully administered. A demurrer to the special plea was sustained. The issues joined on the other pleas were tried by a jury, who found for the plaintiff on the first two issues, and for the defendant on the issue of fully adminis- tered. Judgment having been rendered accordingly, the defendant appealed in error. The Referees have reported that the judgment should be reversed for errors in the charge of the trial judge. The plaintiff excepts to the report.

The defense sought to be made by the plea which was demurred to, and again under the issue joined on the plea of *nil debit*, was that the judgment of No- vember 16, 1871, was recovered against D. M. Per- kins as the first, and Cornelius Allen as the second endorser of a bill of exchange, endorsed by them for the accommodation of the drawers of the bill, and that Samuel Watson, as trustee of the Bank of Tennessee, had refused to receive a tender in payment of the judgment made to him by Perkins in the circulating notes of the bank. The proof shows that on the ap- peal in error of D. M. Perkins from the original judgment, the judgment was affirmed against him and his sureties of appeal on March 5, 1873. On the 17th of the same month, and while an execution issued upon

the judgment was in the hands of the sheriff, D. M. Perkins caused to be tendered to the plaintiff, Samuel Watson, the full amount of the judgment in the circulating notes of the Bank of Tennessee, known as the "new issue." On the same day, Watson gave to Perkins an acknowledgment in writing that the amount of the principal and interest of the judgment had been thus tendered to him and refused. The costs of the cause were paid by Perkins in lawful money. On April 12, 1873, Perkins filed a petition, setting out these facts, and asking that further proceedings on the judgment be stayed, and obtained from one of the judges of this court an order staying the proceedings accordingly. The notes thus tendered were not brought into court, and there is proof tending to show that this was not done with the assent of Watson, all parties, it seems, believing at the time that Perkins and his sureties of appeal were amply good for the judgment. On May 11, 1875, Watson actually received and receipted for $5,000 of "new issue" notes paid by Perkins on the judgment. On January 5, 1878, the death of Watson was suggested and admitted, and the judgment was revived in the name of Robert Ewing, as receiver. On the same day, a hearing was had upon the petition of Perkins, and it was adjudged by this court that the issues of the bank, which had been tendered, were receivable in payment of the judgment, and that the sureties of Perkins on his *supersedeas* bond were not liable to the plaintiff, the main object of the petition having been attained. But a judgment was rendered in favor of Ewing, as receiver,

against D. M. Perkins and W. H. Moore, one of his sureties in the judgment, Cornelius Allen, the other surety, being dead, for the amount of the original judgment with interest, after deducting the payment of $5,000 as aforesaid, and execution awarded.

Our earlier decisions were clear that a plea to a *scire facias* to revive a judgment at law would not be good, which undertook to go behind the judgment, and to show the relation of the judgment debtors as between themselves: *Deberry* v. *Adams,* 9 Yer., 52. The remedy would be in equity: *Love* v. *Allison,* 2 Tenn. Ch., 111. Whether the law remains the same now under legislation which has been gradually breaking down the distinction between law and equity, may admit of doubt. But in this case, the plaintiff, on the face of the *scire facias* as amended, has expressly stated that D. M. Perkins was the first accommodation endorser, and Cornelius Allen the second endorser on the bill of exchange upon which the original judgment was recovered, and he has made no objection in the trial court to the jurisdiction of that court to try the issues joined. The real question may therefore be disposed of on its merits.

That question is whether the defendant's testator, as a second endorser on the original instrument of liability, would be released by the refusal of the judgment creditor to accept the tender made by the prior endorser of the full amount of the judgment. His Honor, the trial judge, expressly charged the jury that the defendant would not he released by a simple tender or offer, if the money was not brought into court. He was

also of opinion, and so charged, that to constitute a
legal tender so as to make it a valid defense, the
proof must show not only an offer but a continuous
readiness to pay, and that the money was brought into
court.    The Referees say: "We will not attempt to
determine whether the transaction would in fact be a
good and valid tender, because that question has al-
ready been settled by the parties as shown by the
record, if not so adjudged by the Supreme Court."
This court decided that while the judgment could be
paid in the notes of the bank, yet the offer of them,
without more, was not such a tender as would extin-
guish the debt, for they gave judgment against the
parties to the original judgment for the full amount
thereof with interest, less only the payment afterwards
made.    This judgment is conclusive as between the
parties to it that the facts were not sufficient to sus-
tain the defense of tender under our law: Code, secs.
2926, 2940, form 9; *Keys* v. *Roder,* 1 Head, 20.

Under the plea of *nil debit,* the defendant may
show payment, release, "or any other matter in dis-
charge of the debt": *Gillespie* v. *Darwin,* 6 Heis., 21.
In the case just cited, the defense relied on and sus-
tained in favor of a surety was that the creditor had
filed the claim in a suit in chancery brought for the
administration of the estate of the principal, and had
the same allowed, and then neglected to obtain an
order of court for the payment of his claim out of a
sufficient fund realized for the purpose.    So, where the
creditor abandoned a mortgage fund provided by the
principal: *Renegar* v. *Thompson,* 1 Lea, 457.    So, where

the creditor after judgment refused a tender of the
amount due: *West* v. *Gordon,* 3 Lea, 370. So, where
the creditor abandoned a levy upon the property of
the principal : *Holt* v. *Manier,* 1 Lea, 488; *Hutton*
v. *Campbell,* 10 Lea, 170, 176; ·*Finley* v. *King,* 1
Head, 123. The remedy in equity was always clear
in the case of a release of securities : *Allen* v. *Henley,*
2 Lea, 141; or of a release of a valid levy on realty :
*Watson* v. *Read,* 4 Baxt., 49; or of a refusal to ac-
·cept a legal tender: *Johnson* v. *Ivie,* 4 Cold., 608.
The reason which underlies all these rulings, is that
the surety· is entitled to be subrogated upon payment
to all the securities of the creditor, and if the creditor
parts with such securities to the .prejudice of the surety,
the latter is_ released *pro tanto.* No reason occurs,
why the same rule should not apply where the creditor
releases securities placed in his control by · a prior
·debtor to which a debtor in the same transaction sub-
sequently liable would be entitled to be subrogated :
*Love* v. *Allison,* 2 Tenn. Ch., 111. The debtor last
liable is released, not because the debt is extinguished,
but because the creditor has, to his prejudice, abandoned
a fund which would have indemnified him from loss.

    Reverse, · in accord with the Referees' report, and
· remand.